**PEREZ–VELASCO, et al, Plaintiffs,**

v.

**SUZUKI MOTOR COMPANY LTD., et al. Defendants.**

**No. CIV. 01–2306(HL).**

United States District Court, D. Puerto Rico.

May 29, 2003.

Amarilys Arocho–Maldonado, Utuado, PR, Herbert Muriel, St. Thomas, VI, for Ramon Perez–Velazco, Magda Acevedo, Ernesto Irizarry–Velazco, Ada Salva–Gonzalez, plaintiffs.

Antonio Gnocchi–Franco, San Juan, PR, Larry M. Roth, Karl E. Pearson, Roth, Powell & Pearson, P.A., Winter Park, FL, for Suzuki Motor Company, Ltd. aka Suzuki Motor Corporation, defendant.

### OPINION AND ORDER

LAFFITTE, Chief Judge.

Presently before the Court is defendants' Request for Sanctions based on plaintiffs' Spoliation of Evidence filed on March 10, 2003. (Docket No. 41.) Defendants ask the Court to impose sanctions on the plaintiffs for their intentional or merely negligent spoliation of evidence, namely the 2000 Suzuki Vitara involved in the accident giving rise to this lawsuit. Defendants allege that plaintiffs' actions have deprived them of an adequate opportunity to defend themselves. Plaintiffs filed an opposition to defendants' motion on April 14, 2003 (Docket No. 45), and defendants replied on May 5, 2003. (Docket No. 50.)

### FACTUAL BACKGROUND

The automobile accident subject to this lawsuit occurred on September 30, 2000, near Toa Baja. Plaintiffs Ernesto Irizarry ("Irizarry") and Ramón Pérez Velazco ("Pérez") suffered injuries when the driver, Irizarry, lost control of his 2000 Suzuki Vitara. In the complaint, plaintiffs allege

that the vehicle, which was only six (6) weeks old at the time of the accident, was defectively manufactured.

Right after the accident Irizarry had the damaged vehicle towed to Elsa's Garage in Utuado. It appears that one of the plaintiffs took several pictures of the vehicle in its post-crash condition while at the Garage. Subsequently, the vehicle was transported to the dealership of Triangle Suzuki in Ponce, from which it was originally purchased. On or about October 10, 2000, while the vehicle was at the Triangle Dealership, plaintiffs' liability expert, Ramón Rios Orama ("Rios") examined the vehicle in its post-crash state. Thereafter, plaintiff Irizarry relinquished the vehicle to a financing entity which, in turn, resold the car to a third party. After this lawsuit was filed, defendants made an effort to locate the vehicle and were finally able to inspect the same on November 11, 2002. The vehicle, however, has been fully repaired by the time the defendants conducted their inspection.

Plaintiffs's expert, Rios, rendered a report based on the inspection he conducted of the post-crash vehicle. In this report Rios concluded that the outside terminal on the right side of the rack and pinion was loose, namely the self-locking nut. It the expert's opinion, the self-locking nut may have been incorrectly tightened during manufacture or assembly, and loosened up as a result of the vehicle's daily use. Defendants allege, and plaintiffs do not contest, that Rios's examination of the post-crash vehicle lasted no more than twenty (20) minutes. In addition, defendants contend that Rios failed to take a single photograph of the vehicle, took no measurements of the same, made no diagrams of his findings, and produced no handwritten notes of his inspection.

It is uncontested that Irizarry took some photographs of the post-crash vehicle, in which of the aforementioned self-locking nut could be seen. Rios stated in his deposition that in the photographs, which were taken prior to his inspection of the vehicle, the nut seemed to be in place. (*See* Docket No. 1, Exhibit A, p. 45.) Defendants, thus, suggest that there is a possibility that the nut might have been loosened and/or tampered with after the photographs were taken but prior to expert's inspection.

### ANALYSIS

■ "A litigant has a duty to preserve relevant evidence." *Vázquez Corales v. Sea-Land Service, Inc.,* 172 F.R.D. 10, 11–12 (D.P.R.1997) (citations omitted). "The duty to preserve material evidence arises not only during litigation but also extends to that period before the litigation when a party reasonably should know that the evidence may be relevant to anticipated litigation.... If a party cannot fulfill this duty to preserve because he does not own or control the evidence, he still has an obligation to give the opposing party notice of access to the evidence or of the possible destruction of the evidence if the party anticipates litigation involving that evidence." · *Silvestri v. General Motors Corporation,* 271 F.3d 583, 591 (4th Cir.2001) (citations omitted). Clearly, the 2000 Suzuki Vitara involved in the accident giving rise to this lawsuit had the potential of providing the defendants with evidence which could have disproved plaintiffs' theory of the cause of the accident. *See, e.g., Vazquez-Corales,* 172 F.R.D. at 12 (stating that it is plainly obvious that evidence with the potential to disprove a plaintiff's theory or that would reveal a contributing cause of the damages is relevant to a case.)

■ In this case, where plaintiffs' claims are based on a defect in the *manufacturing* of the 2000 Suzuki Vitara owned by the plaintiff, rather than on its *design,*

preserving the vehicle involved in the accident, and which was allegedly defectively manufactured is of outmost relevance. (*See* Docket No. 1, Complaint.) Generally, when a there is a claim of a manufacturing defect, "an inspection and evaluation of the specific item that caused the injury" is required to establish that the item was defectively manufactured, or to refute that theory. *See, e.g., Collazo–Santiago v. Toyota Motor Corporation*, 937 F.Supp. 134, 136 (D.P.R.1996)(Court found that the spoliation of evidence did not hamper the defendant's case because the case dealt with a design defect as opposed to a manufacturing defect.)

"Clearly, if a product was manufactured defectively, its defect is likely to be particular to the individual product. Consequently, a party's examination of that product may be critical to ascertaining, among other things, the presence of the defect." *Collazo–Santiago v. Toyota Motor Corp.*, 149 F.3d 23, 29 (1st Cir.1998). Conversely, in design defects cases, an inspection of the specific automobile is not required given that "[a] design defect, by definition, would be found in the entire production run of the vehicle." *See, e.g., Bericochea–Cartagena v. Suzuki Motor Co., Ltd.*, 7 F.Supp.2d 109, 113 (D.P.R. 1998) (citation omitted).

As previously mentioned plaintiffs relinquished the vehicle to a financial institution some time after the accident. It is uncontested that the defendants were unable to examine the vehicle until November of 2002, two years after the accident, when the vehicle showed no signs of the accident because it had been completely repaired. Defendants contend that the fact that plaintiffs had the opportunity to have an expert inspect the vehicle while they did not, has caused them undue prejudice in the preparation of their defense. Defendants further allege that by disposing the vehicle, plaintiffs spoliated the single most crucial piece of evidence in the case, and thus breached their duty to preserve material evidence.

The Court agrees that, at the very least, plaintiffs acted negligently when they permitted the spoliation of the evidence by failing to preserve the vehicle for inspection by the defendants. At the very least, plaintiffs should have informed Suzuki (which they could have foreseen that they would sue in the future) of the possibility that the evidence would be destroyed once they relinquished the same to the financial entity. Suzuki, then, might have been able to conduct an inspection of the vehicle if it so wished. Even though the Court does find that the spoliation by plaintiffs has caused defendants undue prejudice in mounting a defense, the remedy is not dismissal of the action. The Court, rather, will exclude the testimony and the report of plaintiff's expert, Mr. Rios.

### CONCLUSION

Based on the foregoing, the Court finds that the vehicle in question was relevant and should have been preserved for an inspection by the defendants. Suzuki's inability to inspect the car has prejudiced its ability to mount an adequate defense to plaintiffs's manufacturing defect claim. The Court, therefore, hereby GRANTS defendants's Request for Sanctions based on Plaintiffs's Spoliation of Evidence (Docket No. 41.) Plaintiffs are precluded from introducing evidence of expert Rios's report or testimony relative to his examination of the vehicle in its post-crash state.

IT IS SO ORDERED.